IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KELVIN MONTREL PITTS,           )<br>                                                           )<br>    Petitioner,                              )<br>                                                           )<br>v.                                                      )<br>                                                           )<br>STEPHEN BULLARD, *et al.*,        )<br>                                                           )<br>    Respondents.                         ) | CASE NO. 3:04-cv-595-TH<br>                       (WO) |

**MEMORANDUM OPINION AND O R D E R**

This cause is before the Court on the Petition for Writ of Habeas Corpus (Doc. # 1) filed on June 16, 2004. The Court has carefully reviewed the Petition (Doc. # 1), the Petitioner's Brief in Support of the Petition for Writ of Habeas Corpus (Doc. # 2), the Recommendation of the Magistrate Judge (Doc. # 26), and the Objections to the Recommendation of the Magistrate Judge (Doc. # 27). For the reasons set forth below, it is the judgment of the Court that the Petition for Writ of Habeas Corpus is due to be DENIED, the Recommendation of the Magistrate Judge is due to be ADOPTED, and the Objections to the Recommendation are due to be OVERRULED.

The sole basis for Pitts's habeas petition is that he was denied the right to effective assistance of counsel when his appellate attorney failed to appeal the denial of his motion to suppress. It is Pitts's contention that no probable cause existed for his arrest because his arrest hinged on the uncorroborated confession of an accomplice. Therefore, Pitts claims that because his arrest was unlawful, and his unlawful arrest was the cause of his confession, his

confession should not have been admitted.

What Pitts fails to show here in either his habeas petition or in his objections to the Magistrate Judge's recommendations, is on what basis he arrives at the conclusion that probable cause for an arrest cannot be based on the uncorroborated confession of an accomplice.  Pitts attempts to cite a state statute for the proposition that a conviction cannot stand solely on a co-defendant's statement.  While the code section Pitts cites here does not address that statement,[1] it is, in any case, irrelevant.  Whether or not a conviction can stand based on the uncorroborated statement of a co-defendant is not at issue.  Instead, what Pitts's habeas petition focuses on is whether such a statement could form the basis of probable cause for an arrest.  Indeed, while under certain circumstances, a confession of an accomplice might not establish probable cause for an arrest under the "totality of the circumstances" test derived from *Illinois v. Gates*, 462 U.S. 213 (1983), there is no per se rule against using such uncorroborated confessions as the basis of probable cause in either federal court or in Alabama state court.  *See, e.g., Craig v. Singletary*, 127 F.3d 1030, 1045 (11th Cir. 1997) (en banc); *Acres v. State*, 548 So. 2d 459 (Ala. Cr. App. 1987) (holding that the confession of an accomplice was "sufficiently reliable to furnish the officers with probable cause to arrest appellant").

---

[1] Pitts cites Ala. Code § 12-21-220 (1975).  This section deals with a defendant choosing to testify on his own behalf and how failing to do so shall not create any presumptions against said defendant.  Pitts likely intended to cite Ala. Code § 12-21-222 (1975) which states that "[a] conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense."

In Pitts's objections, he also points to United States Supreme Court cases involving the fruit of the poisonous tree doctrine. *See, e.g.*, *Wong Sun v. United States*, 371 U.S. 471, 487-488 (1963) (excluding evidence where such evidence was obtained by exploitation of an illegal or unlawful action); *Brown v. Illinois*, 422 U.S. 590 (1975) (holding that *Miranda* warnings cannot, by themselves, "attenuate the taint of an unconstitutional arrest"). While this doctrine might be applicable under certain circumstances, Pitts fails to demonstrate that there was an original unlawful action. Despite his best efforts, Pitts cannot point to a poisonous tree from which the fruit (his confession) flowed. Therefore, the fruit of the poisonous tree doctrine is inapplicable.

Pitts is incorrect in claiming that the confession of a co-defendant or accomplice cannot establish probable cause for an arrest, and, therefore, Pitts cannot succeed on a claim of ineffective assistance of appellate counsel. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) (holding that such a claim requires a showing that the appellate attorney's performance "fell below an objective standard of reasonableness"). Given that there is no merit to Pitts's claim that the denial of his motion to suppress was incorrectly decided and any appeal of this denial would have been frivolous, it follows that Pitts has not demonstrated that his attorney's performance fell below an objective standard of reasonableness. Because Pitts does not even meet this threshold standard, it is unnecessary to discuss whether Pitts was prejudiced by the performance of his appellate counsel.

Accordingly, it is hereby ORDERED as follows:

(1) The Objections to the Recommendation of the Magistrate Judge (Doc. # 27) are

OVERRULED.

(2) The Recommendation of the Magistrate Judge (Doc. # 26) is ADOPTED.

(3) The Petition for Writ of Habeas Corpus (Doc. # 1) is DENIED.

DONE this the 23rd day of January, 2007.

                                                  /s/ Truman M. Hobbs
                                     SENIOR UNITED STATES DISTRICT JUDGE